IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,545

STATE OF KANSAS,
*Appellee*,

v.

CHARLES H. MOORE,
*Appellant.*

SYLLABUS BY THE COURT

1.

The classification of prior offenses for criminal history purposes involves the interpretation of the revised Kansas Sentencing Guidelines Act; statutory interpretation is a question of law subject to unlimited review.

2.

Prior out-of-state convictions are used in the calculation of a person's criminal history score under the revised Kansas Sentencing Guidelines Act. The State of Kansas shall classify the out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed. If the State of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.

3.

For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3) (the amended version of K.S.A. 2004 Supp. 21-4711[e]), the elements of the out-of-state crime cannot

1

be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced.

4.

At the time the crime in the current case was committed, the Kansas criminal code did not have any offense that was comparable to the 1984 Oregon crime of burglary in the first degree, and, therefore, the out-of-state conviction for that Oregon offense had to be classified as a nonperson felony under the revised Kansas Sentencing Guidelines Act.

Review of the judgment of the Court of Appeals in 52 Kan. App. 2d 799, 377 P.3d 1162 (2016). Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed March 9, 2018. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, sentence is vacated, and case is remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, argued the cause, and *Joanna Labastida*, of the same office, was on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Charles H. Moore seeks review of the Court of Appeals' determination that the district court correctly classified a 1984 first-degree burglary conviction in Oregon as a person felony when calculating Moore's criminal history score under the revised Kansas Sentencing Guidelines Act (KSGA). *State v. Moore*, 52 Kan. App. 2d 799, 377 P.3d 1162 (2016). Moore argues, *inter alia*, that the Oregon crime was not comparable to the person felony of burglary of a dwelling in the Kansas criminal

code applicable to him because the elements of the out-of-state conviction were broader than the elements of the Kansas reference offense. We agree. The Court of Appeals decision is reversed, Moore's sentence is vacated, and the matter is remanded to the district court to resentence Moore with a criminal history score that characterizes the Oregon conviction as a nonperson felony.

FACTUAL AND PROCEDURAL OVERVIEW

On January 12, 2005, in the District Court of Sedgwick County, Kansas, Moore pled guilty to one count of aggravated indecent liberties with a child. The district court calculated a criminal history score of A, based in part on classifying a 1984 burglary conviction in Oregon as a person felony for KSGA purposes. As a result, Moore was sentenced to 494 months in prison.

Much later, on December 24, 2014, Moore filed a motion to correct an illegal sentence, arguing that his pre-1993 out-of-state burglary conviction should have been scored as a nonperson felony. The Sedgwick County District Court summarily denied the motion and Moore appealed.

In a published opinion, a panel of the Court of Appeals affirmed the district court. The panel held that the Oregon crime was properly scored as a person felony because the out-of-state crime was comparable to the Kansas offense of burglary of a dwelling, which is a person felony. The panel reasoned that, because an element of the Oregon crime required the burgled structure be a dwelling, that out-of-state crime was comparable to the Kansas person felony of burglary of a dwelling, notwithstanding other disparities in the respective crimes' elements. *Moore*, 52 Kan. App. 2d at 812, 817. We granted review of that decision.

3

Moore's current crime of conviction in Kansas is an on-grid offense, which means his presumptive sentence is to be found in a box on a two-dimensional sentencing grid, composed of a vertical axis reflecting the severity level of the crime committed (scored from 10 to 1) and a horizontal axis reflecting the defendant's history of prior criminal convictions (scored from I to A). K.S.A. 2004 Supp. 21-4704 (nondrug offense grid). At issue here is Moore's criminal history score on the horizontal axis, and prior convictions for person felonies are weighted more heavily in calculating that score. K.S.A. 2004 Supp. 21-4704. Consequently, the question of whether the Oregon burglary conviction is to be classified as a person felony, as opposed to a nonperson felony, is significant.

*Standard of Review*

Classification of prior offenses for criminal history purposes involves interpretation of the KSGA; statutory interpretation is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

*Analysis*

In calculating a criminal history score for sentencing on the current crime of conviction, all felony convictions and adjudications and certain misdemeanor convictions and adjudications occurring prior to the current sentencing are considered, including those that occurred in other states. K.S.A. 21-4710(a); K.S.A. 2017 Supp. 21-6811(e) (the amended version of K.S.A. 2004 Supp. 21-4711[e]). For out-of-state convictions, Kansas accepts the foreign jurisdiction's designation of its crime as either a felony or misdemeanor, but this state will classify an out-of-state crime as either person or nonperson by referring to comparable offenses under the Kansas criminal code in effect

4

on the date the current crime was committed. See K.S.A. 2017 Supp. 21-6811(e); *Keel*, 302 Kan. at 590 ("Thus, the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed."). If there is no such comparable Kansas offense, the out-of-state conviction will be scored as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e).

In Kansas, "in order to classify a prior burglary conviction or adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,' *i.e.,* 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' K.S.A. 2014 Supp. 21-5111(k)." *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015). The panel below opined that, because the dwelling element is the touchstone for finding a Kansas burglary to be a person felony, the comparability analysis for out-of-state burglary convictions looks only to the structure element in the foreign jurisdiction. If the out-of-state burglary has an element requiring the burgled structure to be a dwelling, it is comparable to a Kansas person felony, regardless of the other elements, e.g., the mental state. *Moore*, 52 Kan. App. 2d at 814-15. We disagree with that single element theory of comparability.

The applicable statute speaks to comparable offenses, not offenses having one common element. If a person can commit a burglary in another state, e.g., Missouri or Oregon, by committing acts or possessing a mental state that would not even constitute the crime of burglary in Kansas (much less a person burglary), it is counterintuitive to declare that the offenses are comparable.

5

In *State v. Wetrich*, 307 Kan. ___, ___ P.3d ___ (2018) (No. 112,361, this day decided), slip op. at 13, we construed the meaning of "comparable offense" in K.S.A. 2017 Supp. 21-6811(e)(3), and its ancestors, to require that the out-of-state crime have identical or narrower elements than the Kansas offense to which it is being compared. Applying that test requires a different result than reached by the panel below.

In Kansas, burglary—whether a person or nonperson felony—requires that the knowing and unauthorized entry into or remaining within be made "with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715. In contrast, Oregon's burglary statutes only required that Moore entered the dwelling "*with intent to commit a crime therein*." (Emphasis added.) See Or. Rev. Stat. §§ 164.225 and 164.215 (1984). Many alternative means may have supported the Oregon mental state element—e.g., intent to engage in disorderly conduct—that would not have been any kind of burglary in Kansas. See *Mathis v. United States*, 579 U.S. ____, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016) (distinguishing alternative elements and alternative means of proving a single element).

Consequently, the Oregon burglary conviction was not comparable to the Kansas offense of burglary of a dwelling as it existed when Moore committed the crime in this case. Moreover, the State has not shown us any other offense under the Kansas criminal code that is comparable to the Oregon offense. Accordingly, pursuant to K.S.A. 2017 Supp. 21-6811(e)(3), the Oregon conviction must be scored as a nonperson felony.

The Court of Appeals and district court are reversed. Moore's sentence is vacated, and the matter is remanded for resentencing with the prior Oregon first-degree burglary conviction classified as a nonperson felony.

Reversed, sentence vacated, and case remanded with directions.