No. 117,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNY BRUCE WALTER,
*Appellant*.

SYLLABUS BY THE COURT

1.

In order to follow the revised Kansas Sentencing Guidelines properly, a sentencing court must know two things:  the severity level of the crime of conviction and the criminal history of the person committing that crime.

2.

According to the revised Kansas Sentencing Guidelines, crimes against persons are more serious and thus lead to longer sentences than other crimes.

3.

Whether an out-of-state conviction is treated as a person or nonperson crime is based on the classification of the "comparable" Kansas offense in effect at the time the current offense was committed. If Kansas does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime.

4.

For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of- state crime cannot be broader than the elements

1

of the Kansas crime. The elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being compared.

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed May 18, 2018. Sentence vacated and case remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL, J., and WALKER, S.J.

HILL, J.: In this appeal, we must decide if the sentencing court erred when it calculated Kenny Bruce Walter's criminal history score when it scored two Missouri burglary convictions as person felonies. By using the "identical or narrower" test recently adopted by our Supreme Court, our legal conclusion differs. We hold that the elements of the Missouri statutes for first- and second-degree burglary are not identical to, nor are they narrower than, the Kansas burglary statute. Thus, the sentencing court erred by establishing and using an incorrect criminal history score. We vacate Walter's sentence and remand for resentencing with directions that his two Missouri convictions must be classified as nonperson felonies when computing his criminal history score.

*Walter objected to the convictions' classifications.*

Walter pled guilty to aggravated battery, a severity level 7 person felony. Citing *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), he objected to the classification of his two Missouri burglary convictions as person felonies, The sentencing court overruled his objection and, based on three person felonies in Walter's criminal history, found his criminal history score was A. The court then sentenced Walter to 30 months in prison.

2

On appeal, Walter contends that his Missouri convictions are not comparable to any form of burglary in Kansas. In opposition, the State makes alternative arguments, first contending that the Missouri and Kansas burglary statutes are comparable and then arguing the term "inhabitable structure" found in the Missouri statute actually contains alternative elements, not alternative means and is thus comparable. By following the guidance of our Supreme Court, our analysis leads us to reject the State's arguments.

A brief review of some sentencing principles is helpful at this point. In order to follow the revised Kansas Sentencing Guidelines properly, a sentencing court must know two things: the severity level of the crime of conviction and the criminal history of the person committing that crime. With the knowledge of the severity level and criminal history score, the calculation of a sentence can begin. Adjustments to the sentence, required by various specific sentencing rules then follow. The policy in Kansas is clear. Crimes against persons are more serious and thus lead to longer sentences than other crimes. That is why the classification of an out-of-state criminal conviction is important.

Whether an out-of-state conviction is treated as a person or nonperson crime is based on the classification of the "comparable" Kansas offense in effect at the time the current offense was committed. If Kansas does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime. See K.S.A. 2017 Supp. 21-6811(e)(3).

Some types of burglary in Kansas are classified as person offenses, while other types of burglary in Kansas are classified as nonperson offenses. At the time of Walter's offense in November 2015, burglary of a "dwelling" was classified as a person felony in Kansas. K.S.A. 2015 Supp. 21-5807(a)(1), (c)(1)(A). In addition, aggravated burglary was classified as a person felony in Kansas. K.S.A. 2015 Supp. 21-5807(b), (c)(3).

*The Supreme Court creates a new test to determine comparability of crimes.*

In March 2018, adopting an identical-or-narrower test, the court redefined the term "comparable." The court analyzed various dictionary definitions of the term "comparable," finding ambiguity in the term's meaning. See *State v. Wetrich*, 307 Kan. 552, 559-60, 412 P.3d 984 (2018). Then the court looked to the legislative history. It found that using an identical-or-narrower rule to determine comparability would further one of the goals of our Sentencing Guidelines Act of "an even-handed, predictable, and consistent application of the law across jurisdictional lines." 307 Kan. at 561-62. Our Supreme Court directed that courts must now look at the elements of the statutes:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3) . . . the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. 552, Syl. ¶ 3.

Under this approach, it is important to determine the *elements* of the out-of-state crime. Criminal statutes are often written in the alternative. Though the *Wetrich* court rested its decision on the basis of statutory interpretation and not on constitutional grounds, the court borrowed the distinction between elements and means stated in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016). See *Wetrich*, 307 Kan. at 558.

The *Wetrich* court compared the elements of burglary in Kansas with the elements of second-degree burglary in Missouri. The court found two elements that were broader in the Missouri statute: the specific intent required and the nature of the structure involved.

4

"The Kansas crime to which the Missouri conviction is being compared—burglary of a dwelling—requires that the entry into or remaining within be done with the specific intent to commit a felony, theft, or sexual battery therein. In contrast, the specific intent required for the Missouri second-degree burglary is that the burglar's purpose is to commit any crime. Consequently, the mere existence of the Missouri conviction does not establish the mental state element of the Kansas reference offense because the Missouri mental state element is broader. The purpose for the unlawful entry in Missouri could have been to commit misdemeanor property damage which would not be a burglary in Kansas.

"And, of course, the critical element of the Kansas crime is that the structure involved must be a dwelling, defined as 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence.' K.S.A. 21-3110(7). In the Missouri crime, in contrast, the element of the charged crime was that Wetrich unlawfully entered or remained within an inhabitable structure, which is broadly defined to include, in addition to a structure where any person lives, such non-dwelling places as a business, government office, school, church, roller-skating rink, or bus station. Again, the breadth of the element in Missouri defeats comparability with the Kansas crime of burglary of a dwelling." 307 Kan. at 563-64.

The court held that the Kansas offense of burglary of a dwelling was not comparable to Missouri second-degree burglary. The court further held that since Kansas did not have a comparable offense to Missouri's second-degree burglary, the prior conviction had to be classified as a nonperson felony. 307 Kan. at 564.

*We apply the* Wetrich *test to the facts of this case.*

Walter challenges the classification of his 2007 Missouri conviction for second-degree burglary and his 2015 Missouri conviction for first-degree burglary. In the following chart, we compare the elements of the Missouri second-degree burglary statute that Walter violated with the Kansas burglary statute in effect when Walter committed his current crime.

5

| K.S.A. 2015 Supp. 21-5807 | Mo. Rev. Stat. § 569.170 |
|---|---|
| "(a) Burglary is, without authority, entering into or remaining within any:<br><br>(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;<br><br>(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or<br><br>(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein.<br>". . . .<br>"(c) (1) Burglary as defined in:<br><br>(A) Subsection (a)(1) is a severity level 7, person felony, except as provided in subsection (c)(2);<br><br>(B) subsection (a)(2) is a severity level 7, nonperson felony, except as provided in subsection (c)(2);<br><br>(C) subsection (a)(3) is a severity level 9, nonperson felony, except as provided in subsection (c)(2); and<br><br>(2) subsection (a)(1), (a)(2) or (a)(3) with the intent to commit the theft of a firearm is a severity level 5, nonperson felony." | "1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.<br>"2. Burglary in the second degree is a class C felony." |

| K.S.A. 2015 Supp. 21-5111 Definitions | Mo. Rev. Stat. § 569.010 Definitions |
|---|---|
| "'(k) Dwelling' means a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." | "'Inhabitable structure' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:<br>"(a) Where any person lives or carries on business or other calling; or<br>"(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or<br>"(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." |

In Kansas, burglary of a dwelling is classified as a person crime. See K.S.A. 2015 Supp. 21-5807(a)(1), (c)(1)(A). Just as in *Wetrich*, both the specific intent and structure elements are broader in the Missouri statute. The Kansas statute requires "intent to commit a felony, theft or sexually motivated crime therein." The Missouri statute requires "the purpose of committing a crime therein." Unlawful entry with intent to commit any misdemeanor that is not a theft or a sexually motivated crime would be burglary in Missouri, but not in Kansas.

In Kansas, burglary is a person crime if the structure entered was a dwelling. The dwelling must be a structure "used or intended for use as a human habitation, home or residence." In Missouri, the inhabitable structure element includes nondwelling places "where people assemble for purposes of business, government, education, religion, entertainment or public transportation."

The elements of the Missouri crime are broader than the elements of the Kansas crime. Therefore, we hold the Kansas offense of burglary of a dwelling is not comparable to the Missouri second-degree burglary offense. Walter's second-degree burglary conviction must be classified as a nonperson crime. We now look at the second Missouri conviction.

7

In the following chart, we compare the elements of the Missouri first-degree burglary statute that Walter was convicted under with the Kansas burglary statutes in effect when Walter committed his current crime. This time we include the Kansas crime of aggravated burglary as a possible comparable offense.

| K.S.A. 2015 Supp. 21-5807 | Mo. Rev. Stat. § 569.160 |
|---|---|
| "(a) Burglary is, without authority, entering into or remaining within any:<br>(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;<br>(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or<br>(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein.<br>"(b) Aggravated burglary is, without authority, entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being with intent to commit a felony, theft or sexually motivated crime therein.<br>"(c) (1) Burglary as defined in:<br>(A) Subsection (a)(1) is a severity level 7, person felony, except as provided in subsection (c)(2);<br>(B) subsection (a)(2) is a severity level 7, nonperson felony, except as provided in subsection (c)(2);<br>(C) subsection (a)(3) is a severity level 9, nonperson felony, except as provided in subsection (c)(2); and<br>(2) subsection (a)(1), (a)(2) or (a)(3) with the intent to commit the theft of a firearm is a severity level 5, nonperson felony.<br>(3) Aggravated burglary is a severity level 5, person felony." | "1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:<br>(1) Is armed with explosives or a deadly weapon or;<br>(2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or<br>(3) There is present in the structure another person who is not a participant in the crime.<br>"2. Burglary in the first degree is a class B felony." |

8

| K.S.A. 2015 Supp. 21-5111 Definitions | Mo. Rev. Stat. § 569.010 Definitions |
|---|---|
| "'Dwelling' means a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." | "'Inhabitable structure' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:<br>"(a) Where any person lives or carries on business or other calling; or<br>"(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or<br>"(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." |

Again, this comparison shows that the specific intent element is broader in the Missouri statute. All types of burglary in Kansas, including aggravated burglary, require an "intent to commit a felony, theft or sexually motivated crime therein." The Missouri first-degree burglary statute requires "the purpose of committing a crime therein."

Another case is helpful on this point. In *State v. Moore*, 307 Kan. 599, 412 P.3d 965 (2018), decided the same day as *Wetrich*, the court found that the Oregon burglary statute was not comparable to Kansas burglary based on the specific intent element alone. "If a person can commit burglary in another state, e.g., Missouri or Oregon, by committing acts or possessing a mental state that would not even constitute the crime of burglary in Kansas (much less a person burglary), it is counterintuitive to declare that the offenses are comparable." 307 Kan. at 602. Oregon's burglary statute contained the same language as Missouri—that the defendant intended to commit "a crime" therein. Following this reasoning, we hold the Missouri first-degree burglary offense is not comparable to aggravated burglary in Kansas.

Since the elements are not identical or narrower, the offenses are not comparable and Walter's first-degree and second-degree burglary convictions must be classified as nonperson crimes.

9

We vacate Walter's sentence and remand with directions to resentence him and classify those two Missouri convictions as nonperson crimes.