IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,299

STATE OF KANSAS,
*Appellee*,

v.

GERARDO G. SAUCEDO,
*Appellant.*

SYLLABUS BY THE COURT

1.

The classification of prior offenses for criminal history purposes involves interpretation of the revised Kansas Sentencing Guidelines Act, K.S.A. 2018 Supp. 21-6801 et seq. Statutory interpretation is a question of law subject to unlimited review.

2.

The revised Kansas Sentencing Guidelines Act uses prior out-of-state convictions when calculating a person's criminal history. Under the Act, the State classifies an out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code. If the code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime.

3.

A prior out-of-state conviction must have elements identical to, or narrower than, a Kansas person crime to be scored as a person crime.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 9, 2018. Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed August 2, 2019. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, sentence vacated, and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Gerardo G. Saucedo seeks review of a Court of Appeals decision affirming the district court's classification of his prior Washington state residential burglary conviction as a person felony. *State v. Saucedo*, No. 117,299, 2018 WL 793333 (Kan. App. 2018) (unpublished opinion). He argues the Washington offense's intent element was broader than that required to commit a Kansas person crime. We agree.

Under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), and *State v. Moore*, 307 Kan. 599, 412 P.3d 965 (2018), Saucedo's Washington conviction was not comparable to any offense under the Kansas criminal code within the meaning of the revised Kansas Sentencing Guidelines Act. The Washington crime's mental state element is not identical to, or narrower than, that of the Kansas crime. See *Moore*, 307 Kan. at 603 (comparing the intent element for the Oregon burglary conviction to the Kansas offense of burglary of a dwelling). Saucedo's sentence must be vacated and the case remanded to the district court to resentence him with a criminal history score characterizing the Washington conviction as a nonperson felony.

FACTUAL AND PROCEDURAL BACKGROUND

Saucedo pleaded guilty to two drug-related felony convictions for conduct that occurred in April 2014: possession of marijuana with intent to sell and possession of drug paraphernalia. The district court held a sentencing hearing in February 2016.

The court calculated a criminal history score of B, based in part on classifying as person felonies a 2001 Washington conviction for "attempting to elude a police vehicle" and a 2003 Washington conviction for "residential burglary." Saucedo's presumptive sentence range increased under K.S.A. 2018 Supp. 21-6805 due to his criminal history score. The court granted a durational departure for a controlling sentence of 146 months and imposed a concurrent 11-month sentence for the paraphernalia conviction.

Saucedo filed a timely notice of appeal, arguing the sentencing court erred in classifying his Washington residential burglary conviction as a person felony because the Washington statute was broader than the Kansas burglary statute in two ways. First, in Washington, to be convicted of residential burglary, one must have "intent to commit a crime against a person or property," but in Kansas one must have "intent to commit a felony, theft or sexually motivated crime." Compare Wash. Rev. Code Ann. § 9A.52.025(1) with K.S.A. 2018 Supp. 21-5807(a)(1). Second, he claimed the Washington statute does not require the element that one enters or remains "without authority," as does the Kansas statute.

The panel affirmed. In doing so, it heavily relied on a Court of Appeals decision in *State v. Moore*, 52 Kan. App. 2d 799, 814, 377 P.3d 1162 (2016), *rev'd* 307 Kan. 599, 412 P.3d 965 (2018), in which the *Moore* panel stated the Kansas Supreme Court "didn't adopt the identical-or-narrower rule . . . [and] the question is whether the statutes prohibit

3

similar conduct." See *Saucedo*, 2018 WL 793333, at *2 (discussing *State v. Dickey*, 301 Kan. 1018, 1036-40, 350 P.3d 1054 [2015]). And based on that, it reasoned:  (1) the two statutes' different language in the intent element does not matter because "[w]hat affects the treatment of the crime—as being either a person or nonperson offense—is whether the Washington burglary was of a dwelling, and Saucedo does not contest that his Washington burglary was of a dwelling"; and (2) "[t]he term in the Washington statute, 'enters or remains unlawfully,' is essentially the equivalent to Kansas' 'without authority.'" 2018 WL 793333, at *3-4. This court subsequently reversed the *Moore* panel's decision. See *Moore*, 307 Kan. at 603.

Saucedo petitioned this court for review. In granting his petition, we ordered the parties to show cause why we should not (1) summarily vacate the panel's decision; (2) summarily vacate Saucedo's sentence; and (3) remand the case to the district court for resentencing in accordance with *Wetrich* and *Moore*.

The State did not timely respond, but in its supplemental brief it includes as an attachment a copy of "Testimony in Support of House Bill 2035 Clarifying the Subject Matter of Criminal Post-trial Motions for Correction of Sentence," prepared by Assistant Solicitor General Natalie Chalmers, dated March 17, 2017. Curiously, the State did not explain why it attached this testimony. Adding to the puzzle, H.B. 2035 related to motions to correct an illegal sentence and this is a direct appeal. See *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) ("[A] defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending.").

DISCUSSION

For criminal history purposes, an out-of-state crime's elements must be identical to, or narrower than, those of the Kansas crime to which it is being referenced for the out-

of-state offense to be scored as a person crime. *Wetrich*, 307 Kan. 552, Syl. ¶ 3. Classification of prior out-of-state offenses for criminal history purposes involves statutory interpretation, which is a question of law subject to unlimited review. *Moore*, 307 Kan. at 601.

The revised Kansas Sentencing Guidelines Act uses prior out-of-state convictions when calculating a person's criminal history. Under the Act, the State classifies an out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code. If the code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime.

In *Moore*, the court employed the *Wetrich* test to reverse the lower courts' classification of the out-of-state crime at issue. There, a defendant sought review of the Court of Appeals' decision that the district court correctly classified a first-degree burglary conviction in Oregon as a person felony. In doing so, the *Moore* court compared Oregon's burglary statute to the Kansas law.

> "In Kansas, burglary—whether a person or nonperson felony—requires that the knowing and unauthorized entry into or remaining within be made 'with intent to commit a felony, theft or sexual battery therein.' K.S.A. 21-3715. In contrast, Oregon's burglary statutes only required that Moore entered the dwelling '*with intent to commit a crime therein*.' (Emphasis added.) See Or. Rev. Stat. §§ 164.225 and 164.215 (1984). Many alternative means may have supported the Oregon mental state element—e.g., intent to engage in disorderly conduct—that would not have been any kind of burglary in Kansas. [Citation omitted.]" 307 Kan. at 603.

Based on *Moore*, Saucedo argues his Washington conviction for residential burglary was not comparable to Kansas' burglary statute and should be classified as a nonperson crime.

In Kansas, the person-crime version of burglary is defined as: "without authority, entering into or remaining within any . . . [d]welling, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2018 Supp. 21-5807(a)(1). But in Washington: "A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." Wash. Rev. Code Ann. § 9A.52.025(1).

As to the intent element, Saucedo asserts the Oregon burglary statute in *Moore* reads nearly identically to the Washington statute at issue. He notes "both provide residential burglary involves a person entering or remaining 'with intent to commit *a crime* [against a person or property therein, adds Washington] therein.'" See *Moore*, 307 Kan. at 603. He further insists that because the language in both statutes in Oregon and Washington is "the same," the outcome must be the same.

But the Washington statute is not identical to *Moore*'s Oregon statute. It actually is narrower because the intent element in the Washington statute is a limited intent to commit crimes against a person or property. Compare *State v. Larkins*, 147 Wash. App. 858, 861, 199 P.3d 441 (2008) ("The Washington crime of burglary requires intent to commit a crime against a person or property therein."), with *Moore*, 307 Kan. at 603 (stating "the Oregon mental state element" includes "intent to engage in disorderly conduct"). Disorderly conduct is a crime against the public peace so the offender's intent to commit disorderly conduct would not have satisfied the intent element of Washington's residential burglary while it would have satisfied the Oregon burglary in *Moore*. See K.S.A. 2018 Supp. 21-6203.

Nonetheless, while Washington's intent element is narrower than in Oregon, in some aspects it is still broader than the Kansas burglary statute because K.S.A. 2018

6

Supp. 21-5807(a)(1) requires "intent to commit a felony, theft or sexually motivated crime." For example, intent to commit a battery under K.S.A. 2018 Supp. 21-5413(a), a person misdemeanor, would not have been burglary in Kansas, while the same intent would satisfy the intent requirement under the Washington statute because its residential burglary requires "intent to commit a crime [—either felony or misdemeanor—] against a person or property." See K.S.A. 2018 Supp. 21-5413(g)(1) ("Battery is a class B person misdemeanor."); *Moore*, 307 Kan. at 603 (stating "the Oregon mental state element" includes "intent to engage in disorderly conduct").

Saucedo's residential burglary conviction in Washington is not comparable to the Kansas person crime of burglary of a dwelling. The State has not shown any other person offense under the Kansas criminal code that is comparable to the Washington conviction. Therefore, his prior residential burglary must be scored as a nonperson felony under K.S.A. 2018 Supp. 21-6811(e)(3) ("If the state of Kansas does not have a comparable offense . . . , the out-of-state conviction shall be classified as a nonperson crime.").

Since we resolve the appeal on this basis, we need not consider Saucedo's additional argument that the Washington statute is broader than the Kansas statute because Washington lacks the element that the offender enters or remains "without authority," which is the Kansas crime's element.

Finally, we note neither party addressed how Saucedo's durational departure sentence interacts with the improper criminal history score used to find the starting point for that departure. See *State v. Sampsel*, 268 Kan. 264, Syl. ¶ 7, 997 P.2d 664 (2000) (extent of downward durational departure reviewed for abuse of discretion); see also *State v. Garcia-Garcia*, 309 Kan. 801, 811, 441 P.3d 52 (2019) ("A trial court abuses its discretion when no reasonable person would take the view adopted by it, when the judicial action is based on an error of law, or when the judicial action is based on an error

7

of fact."). It seems obvious the departure sentence followed from an erroneous view of the sentence Saucedo would otherwise receive as we have outlined. And because there is no argument why that erroneous view did not affect the sentence ultimately imposed, we conclude there was an abuse of discretion.

We reverse the district court's and the Court of Appeals' judgment, vacate Saucedo's sentence, and remand the case for resentencing with the prior Washington residential burglary conviction classified as a nonperson felony.