NOT DESIGNATED FOR PUBLICATION

No. 120,132

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES H. MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed November 22, 2019. Sentence vacated and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: More than eight years after his direct appeal was dismissed, Charles H. Moore filed a motion to correct an illegal sentence. The Kansas Supreme Court ultimately granted Moore relief and remanded this case for resentencing. In this appeal— which arises out of the resentencing—the parties stipulate that the district court improperly included a prior Oklahoma conviction in his criminal history score while also using it to enhance his sentence as a persistent sex offender. In addition, the parties stipulate that the district court improperly ordered Moore to serve lifetime postrelease supervision. Thus, we vacate Moore's sentence and remand this case for resentencing.

1

On January 12, 2005, Moore pled guilty to one count of aggravated indecent liberties with a child. As part of a plea agreement, the parties agreed that Moore would be classified as a persistent sex offender under K.S.A. 2004 Supp. 21-4704(j). The presentence investigation (PSI) report listed Moore's criminal history as A based on his prior convictions, including a 1984 Oregon conviction for first-degree burglary of a dwelling. At his initial sentencing hearing, the district court sentenced Moore to 494 months in prison based on his criminal history score and its finding that he was a persistent sex offender, which doubled his sentence. See K.S.A. 2004 Supp. 21-4704(j). The district court also ordered 36 months' postrelease supervision.

Although Moore filed a direct appeal, he did not challenge his criminal history score. Because his sentence was within the presumptive range, a panel of this court dismissed the appeal for lack of appellate jurisdiction on April 7, 2006. *State v. Moore*, No. 94,309, 2006 WL 903164, at *1 (Kan. App. 2006) (unpublished opinion). On December 24, 2014, Moore filed a motion to correct an illegal sentence in which he argued that the district court must recalculate his criminal history score and reduce his sentence. Although the district court summarily denied the motion and a panel of this court affirmed that decision, the Kansas Supreme Court ultimately concluded that the district court had improperly scored the 1984 Oregon burglary conviction as a person felony under the status of caselaw at the time and remanded the case for resentencing. *State v. Moore*, 307 Kan. 599, 603, 412 P.3d 965 (2018).

On remand, a new PSI calculated Moore's criminal history score as B and the district court relied upon the newly calculated score at resentencing. Unfortunately, the district court used the prior Oklahoma lewd molestation conviction both in calculating Moore's criminal history score as well as in sentencing him under the persistent sex offender rule. See K.S.A. 2004 Supp. 21-4704(j). Based on his status as a persistent sex

offender, the district court sentenced Moore to serve 456 months in prison and ordered lifetime postrelease supervision.

ANALYSIS

On appeal, Moore contends that his new sentence is illegal in two ways. First, he argues the district court improperly scored his Oklahoma lewd molestation conviction as a person felony in his criminal history score while also using it to double his sentence as a persistent sex offender. See K.S.A. 2004 Supp. 21-4704(j). Second, he argues that the district court improperly ordered lifetime postrelease supervision. The State candidly concedes to both of these allegations of error by the district court.

Under K.S.A. 2018 Supp. 22-3504(1), Kansas courts may correct an illegal sentence at any time. K.S.A. 2018 Supp. 22-3504(3) provides that an illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." See *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504 is a question of law over which we exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, to the extent this argument calls for statutory interpretation, our review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Moore committed his offense in his case on August 19, 2004. At that time, K.S.A. 21-4710(d)(11) provided: "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level *or applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction." (Emphasis added.) As the Kansas Supreme Court has held, this language prohibits a court from counting a prior conviction in calculating criminal

3

history when it is also used to enhance the applicable penalties, including when finding a defendant to be a persistent sex offender. See *State v. LaBelle*, 290 Kan. 529, 534-36, 231 P.3d 1065 (2010); *State v. Zabrinas*, 271 Kan. 422, 443-44, 24 P.3d 77 (2001).

Furthermore, at the time of Moore's offense, the postrelease supervision term for a severity level 3 offense was 36 months. See K.S.A. 2004 Supp. 22-3717(d)(1)(A). In 2006, the statute was amended to provide that "persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2006 Supp. 22-3717(d)(1)(G); see L. 2006, ch. 212, § 19. Because Moore's offense was committed on August 19, 2004, he does not fall under the definition of a person who receives lifetime postrelease supervision under K.S.A. 2006 Supp. 22-3717(d)(1)(G).

Although the State concedes these issues, it contends that remand of this case is unnecessary because Moore will still have a B criminal history score. We note, however, that the State did not file a cross-appeal and that Moore did not file a reply brief in response to the State's newly raised arguments. Arguably, the State may be correct in its assertion because our Supreme Court has recently attempted to clarify the classification of prior crimes. See *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019); *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Because Moore's crime was committed in 2004 and his sentence became final in 2005, it appears our Supreme Court may now treat the prior 1984 Oregon burglary differently than it previously would have. The State may also be correct in asserting that a 1969 Kansas juvenile adjudication should be included in Moore's criminal history score.

Notwithstanding, Moore's criminal history score is unclear from the record on appeal and these issues have not been fully briefed for our review. Moreover, it may be necessary for one or both parties to submit evidence on these outstanding issues. As such,

4

we conclude that the appropriate remedy is to vacate Moore's sentence and remand for resentencing consistent with this opinion regarding the treatment of the prior Oklahoma conviction and postrelease supervision. At resentencing, the parties will have a chance to reargue their position regarding the proper classification of Moore's other prior crimes before the district court in light of recent caselaw and—if necessary—to present evidence.

The sentence is vacated, and the case is remanded with directions for resentencing.