IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,881

STATE OF KANSAS,
*Appellee*,

v.

DERRICK BUELL,
*Appellant.*

SYLLABUS BY THE COURT

1.

The classification of prior offenses for criminal history purposes involves the interpretation of the revised Kansas Sentencing Guidelines Act; statutory interpretation is a question of law subject to unlimited review.

2.

Prior out-of-state adjudications are used in the calculation of a person's criminal history score under the revised Kansas Sentencing Guidelines Act. The State of Kansas shall classify the out-of-state adjudication as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed. If the State of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state adjudication shall be classified as a nonperson crime.

3.

For an out-of-state adjudication to be comparable to an offense under the Kansas criminal code, within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3) (the amended version of K.S.A. 2011 Supp. 21-6811[e]), the elements of the out-of-state crime cannot

1

be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced.

4.

At the time the crimes in the current case were committed, the Kansas criminal code did not have any offense that was comparable to the Florida crimes of burglary in the first degree or burglary in the second degree, and, therefore, a Florida juvenile adjudication for those Florida offenses must be classified as a nonperson felony under the revised Kansas Sentencing Guidelines Act.

Review of the judgment of the Court of Appeals in 52 Kan. App. 2d 818, 377 P.3d 1174 (2016). Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed March 9, 2018. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, sentence is vacated, and case is remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Jodi Litfin*, deputy district attorney, argued the cause, and *Kyle Edelman*, assistant district attorney, *Chadwick J. Taylor*, former district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Derrick Buell seeks review of the Court of Appeals' determination that the district court correctly classified two prior Florida burglary juvenile adjudications as person felonies when calculating Buell's criminal history score under the revised

2

Kansas Sentencing Guidelines Act (KSGA). *State v. Buell*, 52 Kan. App. 2d 818, 377 P.3d 1174 (2016). Buell argues, *inter alia*, that the Florida crimes were not comparable to the person felony of burglary of a dwelling in the current Kansas criminal code because the elements of the out-of-state adjudications were broader than the elements of the Kansas reference offense. We agree. The Court of Appeals decision is reversed, Buell's sentence is vacated, and the matter is remanded to the district court to resentence Buell with a criminal history score that characterizes the Florida juvenile adjudications as nonperson felonies.

## FACTUAL AND PROCEDURAL OVERVIEW

As a result of events taking place on January 20, 2012, Buell pleaded guilty to robbery and attempted kidnapping in the District Court of Shawnee County, Kansas. The presentence investigation (PSI) report calculated Buell's criminal history score as A, based in part on two prior juvenile adjudications in Florida. One adjudication was identified as a burglary of a dwelling and the other was referred to as burglary of a dwelling while armed.

At sentencing, Buell objected to his criminal history score. Specifically, he argued that the burglary of a dwelling while armed adjudication should not have been classified as a person felony because Kansas has no comparable offense. The district court looked at the Florida charging document and case disposition before overruling Buell's objection. Thereupon, the district court sentenced Buell to a total of 122 months in prison, based upon a criminal history score of A.

Buell appealed his sentence. But a panel of the Court of Appeals affirmed Buell's criminal history and sentence. In its published opinion, the panel declared that it was

3

irrelevant that the intent element of the Florida offenses differs from the specific intent required for the Kansas offense. Rather, the panel divined that burglary offenses are comparable for purposes of the person/nonperson classification if they both contain an element that the burgled structure is a dwelling. 52 Kan. App. 2d at 831-32.

We granted Buell's petition seeking review of the Court of Appeals' determination that the prior Florida juvenile adjudications should be classified as person offenses.

CLASSIFICATION OF FLORIDA BURGLARY ADJUDICATIONS UNDER KSGA

Buell's current crimes of conviction in Kansas—for robbery and attempted kidnapping—are on-grid offenses. As such, his presumptive sentence is to be found in a box on a two-dimensional sentencing grid, composed of a vertical axis reflecting the severity level of the crime committed (scored from 10 to 1) and a horizontal axis reflecting his history of prior criminal convictions (scored from I to A). K.S.A. 2011 Supp. 21-6804 (nondrug offense grid). In part because Buell's prior Florida juvenile adjudications were classified as the weightier person felonies, he was assigned the highest possible criminal history score of A. That means he will receive the longest presumptive prison term at each severity level on the grid. The question presented is whether Buell's criminal history score comported with the provisions of the KSGA and, specifically, whether the person-offense analysis under K.S.A. 2017 Supp. 21-6811(e) (the amended version of K.S.A. 2011 Supp. 21-6811[e]) was correct.

*Standard of Review*

Classification of prior offenses for criminal history purposes involves interpretation of the KSGA; statutory interpretation is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

4

*Analysis*

In calculating a criminal history score for sentencing on the current crime of conviction, all felony convictions and adjudications and certain misdemeanor convictions and adjudications occurring prior to the current sentencing are considered, including those that occurred in other states. K.S.A. 2011 Supp. 21-6810(a); K.S.A. 2017 Supp. 21-6811(e). For out-of-state adjudications, Kansas accepts the foreign jurisdiction's designation of its crime as either a felony or misdemeanor, but this state will classify an out-of-state crime as either person or nonperson by referring to comparable offenses under the Kansas criminal code in effect on the date the current crime was committed. If there is no such comparable Kansas offense, the out-of-state adjudication will be scored as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e).

In Kansas, "in order to classify a prior burglary conviction or adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,' *i.e.,* 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' K.S.A. 2014 Supp. 21-5111(k)." *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015). The panel below opined that, because the dwelling element is the touchstone for finding a Kansas burglary to be a person felony, the comparability analysis for out-of-state burglary adjudications under K.S.A. 2015 Supp. 21-6811(e) should only look at the structure element in the foreign jurisdiction. In other words, if the out-of-state burglary has an element requiring the burgled structure to be a dwelling, it is comparable to Kansas' person felony burglary, regardless of the other elements, e.g., the mental state. *Buell*, 52 Kan. App. 2d at 831-32. We disagree with that single-element view of comparability.

5

In *State v. Wetrich*, 307 Kan. ___, ___ P.3d ___ (2018) (No. 112,361, this day decided), slip op. at 13, we construed the meaning of "comparable offense" in K.S.A. 2017 Supp. 21-6811(e)(3), and its ancestors, to require that the out-of-state crime have identical or narrower elements than the Kansas offense to which it is being compared. Applying that test here requires that the Florida juvenile adjudications be scored as nonperson felonies.

In Kansas, burglary—whether a person or nonperson felony—requires that the unauthorized entry into or remaining within be made "with intent to commit a felony, theft or sexual battery therein." K.S.A. 2011 Supp. 21-5807. In contrast, Florida's burglary statute only required that Buell entered the dwelling "*with the intent to commit an offense therein*." (Emphasis added.) See Fla. Stat. § 810.02 (2002). Many alternative means may have supported the mental state element for the Florida adjudications—e.g., entering with the intent to commit misdemeanor criminal mischief—that would not have been any kind of burglary in Kansas. See *Mathis v. United States*, 579 U.S. ____, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016) (distinguishing alternative elements and alternative means of proving a single element).

Consequently, the Florida burglary adjudications were not comparable to the Kansas offense of burglary of a dwelling as it existed when Buell committed the crimes in this case. Moreover, the State has not shown us any other offense under the Kansas criminal code that is comparable to the Florida offenses. Accordingly, pursuant to K.S.A. 2017 Supp. 21-6811(e)(3), the Florida adjudications must be scored as nonperson felonies.

The Court of Appeals and district court are reversed. Buell's sentence is vacated, and the matter is remanded for resentencing with the prior Florida juvenile adjudications classified as nonperson felonies.

Reversed, sentence vacated, and case remanded with directions.