NOT DESIGNATED FOR PUBLICATION

No. 117,463

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAREN J. CANNON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed April 13, 2018. Sentence vacated and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.


SCHROEDER, J.:  Karen J. Cannon appeals claiming her criminal history was improperly calculated after her guilty plea to enhance her sentence. Upon review, we agree with Cannon. The district court improperly scored her prior Illinois robbery conviction as a person felony. We vacate the sentence and remand for the district court to score her prior Illinois robbery conviction as a nonperson felony.

Cannon pled guilty to two counts of identity theft and two counts of criminal use of a financial card in case No. 15-CR-1833. Under the terms of the plea agreement, the State dismissed the remaining charges and the charge pending in another case.

Based on Cannon's presentence investigation report (PSI), the district court classified Cannon's criminal history as B, including a robbery and an attempted aggravated battery against a government official or employee. The court sentenced Cannon to a total of 36 months' imprisonment, with counts I, IV, and VI running consecutively, and count VIII, running concurrently. The court also sentenced Cannon to 12 months' postrelease supervision.

Cannon's sole issue on appeal addresses the scoring of her prior Illinois robbery conviction as a person felony. Cannon contends she received an illegal sentence both in disposition and time served based on the erroneous application of K.S.A. 2017 Supp. 21-6811(e). Cannon relies on the "identical or narrower" approach discussed in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and used in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Cannon believes the Illinois robbery is not a person felony because the Illinois robbery statute is broader than Kansas' robbery statute and thus not comparable. Specifically, the Illinois statute is broader because it criminalizes property taken by the use of force or threatening imminent use of force, such as harm to a person *or* damage to one's property, whereas Kansas requires force or threatened force *against a person*. Therefore, Cannon argues the Illinois statute is not comparable because it is not "identical or narrower" than the Kansas statute and cannot be used to enhance her sentence.

Cannon further contends that in finding the robbery statutes comparable, the court impliedly engaged in factfinding which violated her right to have sentence-enhancing facts proven by a jury under *Apprendi*. Because her criminal history score was based on this comparison, Cannon asserts her sentence was changed from presumptive probation to

a presumptive prison sentence; in addition, it increased the amount of time she was required to serve. She argues her criminal history score is C.

The State responds the *Apprendi* doctrine is inapplicable and the criminal history score of B is correct. The State believes the court simply compared the two statutes' elements and did not consider the underlying facts of the prior Illinois conviction. The State argues the court should use the categorical approach from *Descamps*, where "threatening the imminent use of force" and "threat of bodily harm" sufficiently match under *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2248, 195 L. Ed. 2d 604 (2016). Alternatively, the State believes the statutes are comparable under Kansas statutory law.

K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). The Supreme Court has strictly defined an illegal sentence as: "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013) (quoting *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 [2013]).

"Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review." *Dickey*, 301 Kan. at 1034.

In Kansas, scoring out-of-state crimes is a two-step process. K.S.A. 2017 Supp. 21-6811(e)(2)(A) states: "If a crime is a felony in the other state, it will be counted as a felony in Kansas." In Illinois, robbery is a class 2 felony. 720 Ill. Comp. Stat. § 5/18-1(b)

(2009). Thus, Kansas will score Cannon's prior crime as a felony. Next, we move to determine whether the out-of-state felony should be scored as a nonperson or person felony. To determine if it is a person or nonperson felony, K.S.A. 2017 Supp. 21-6811(e)(3) provides guidance:

> "In designating a crime as person or nonperson, *comparable* offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime." (Emphasis added.)

Thus, we must compare the 2015 Kansas robbery statute with the 2009 Illinois robbery statute.

In Kansas, "[r]obbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 2015 Supp. 21-5420(a). In Illinois, "[a] person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force." 720 Ill. Comp. Stat. § 5/18-1(a) (2009). The Illinois Legislature defined "threat" in multiple ways—one way being to "[i]nflict physical harm on the person threatened or any other person *or on property*." (Emphasis added.) 720 Ill. Comp. Stat. § 5/15-5(a) (2009). Because Illinois defines threat in its statute broader than Kansas, we must analyze if that affects how we should score Cannon's prior conviction.

Here, Cannon argues her Illinois conviction may only be classified as a person crime if the elements of robbery in Illinois satisfied the elements of Kansas' crime of robbery. She contends anything less violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), *Descamps v. United States*, 570 U.S. 254, 133 S.

4

Ct. 2276, 186 L. Ed. 2d 438 (2013), and their progeny. She argues the district court erred because her Illinois conviction is broader than the elements of robbery in Kansas.

In *Apprendi*, the Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, the Court identified two methods for determining whether a prior conviction could be used to enhance a sentence without violating *Apprendi*. Under the categorical approach, a sentencing court may look only at the statutory definition of a defendant's prior conviction; it may not look at the facts underlying the conviction. *Descamps*, 570 U.S. at 261. However, when the prior conviction is for violating a divisible statute, which "sets out one or more elements of the offense in the alternative," the modified categorical approach allows a sentencing court to consult a limited class of documents to determine which alternative elements formed the basis of the defendant's prior conviction. 570 U.S. at 257, 261-62.

Under both approaches, however, the focus is on the elements, not the facts, of the conviction. 570 U.S. at 263. Furthermore, a sentencing court may not apply the modified categorical approach when a defendant's prior conviction was for violating an indivisible statute. A prior conviction may only be used to enhance a sentence if the statute defining a prior conviction has the same or narrower elements as the generic offense. 570 U.S. at 260-61. The Kansas Supreme Court adopted *Descamps* in *Dickey*.

Last month, our Supreme Court clarified this analysis by directing us on how we should analyze out-of-state convictions and ruled how convictions are to be scored as either a person of nonperson crime in Kansas. See *State v. Wetrich*, 307 Kan. ___, 412 P.3d 984 (2018); *State v. Moore*, 307 Kan. ___, 412 P.3d 965 (2018); *State v. Buell*, 307 Kan. ___, 412 P.3d 1004 (2018). The Supreme Court followed the framework from *Descamps* through *Dickey*, with the additional benefit of *Mathis*, and held:

5

"For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 412 P.3d at 991.

As such, Illinois' statutory elements of robbery are significantly broader than Kansas' definition of robbery. It provides for robbery to occur through threat of damage to one's property, and Kansas' does not. Thus, Cannon's Illinois conviction could have resulted from conduct exceeding Kansas' definition of robbery. Additionally, the State has not argued any other offense under the Kansas Criminal Code is comparable to the Illinois crime of robbery. Under the *Wetrich*, *Moore*, and *Buell* analysis, Illinois' robbery statute is not identical to or narrower than Kansas' robbery statute. As a result, Cannon's Illinois robbery conviction must be scored as a nonperson felony.

Sentence vacated and remanded with directions.