NOT DESIGNATED FOR PUBLICATION

No. 118,569

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS L. HEARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed December 14, 2018. Convictions affirmed, sentence vacated, and case remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

PER CURIAM: Dennis L. Heard pleaded guilty to one count of burglary and one count of aggravated assault. The presentence investigation report revealed that Heard had four prior person felonies and three person misdemeanors that converted into a person felony.

At sentencing, the State conceded that one of the person felonies—an Arkansas burglary—was actually a theft and thus should have been scored as a nonperson felony. Even then, Heard's criminal history score remained an A. The district court stated that

1

even if the remaining Arkansas burglary conviction could not be classified as a person offense under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), Heard had two remaining person felonies, plus the three convertible person misdemeanors, which kept his criminal history score an A. Based on his criminal history, the court sentenced Heard to 30 months in prison. Heard appeals, challenging the district court's classifications of his three Arkansas convictions as person felonies.

*Did the District Court Improperly Classify Heard's Prior Out-Of-State Robbery Convictions and his Out-Of-State Burglary Conviction as Person Crimes?*

The district court classified Heard's criminal history as an A, based in part on two prior Arkansas robbery convictions and a prior Arkansas burglary conviction. Heard argues that because the elements of Arkansas robbery are broader than Kansas robbery, those convictions must be scored as nonperson felonies. He also argues that his prior Arkansas conviction for burglary was improperly classified as a person offense. He claims that this resulted in an incorrect criminal history score and thus an illegal sentence, and requests that we vacate his sentence and remand for resentencing. We agree.

*Jurisdiction*

The State first argues that this panel lacks jurisdiction to consider Heard's appeal because it was not timely filed. The timely filing of a notice of appeal is jurisdictional. *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016). A criminal defendant has 14 days from judgment to file a notice of appeal. K.S.A. 2017 Supp. 22-3608(c). In a criminal case such as this one, judgment occurs at sentencing and the time to file a notice of appeal runs from the oral pronouncement of the sentence. *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). But Heard filed his notice of appeal 15 days after sentencing.

2

Because of that possible lack of jurisdiction, our motions panel ordered the parties to show cause why we should not dismiss this case. After considering the responses to that order, we retained the appeal based on *State v. Ortiz*, 230 Kan. 733, 736, 640 P.2d 1255 (1982). That case provides an exception to the general 14-day rule when a defendant's attorney fails to perfect and complete an appeal. We see no reason to depart from that ruling. We thus reject the State's argument that we lack jurisdiction and consider Heard's case on the merits.

*Classifying Heard's out-of-state convictions*

Heard contends that the district court erred in classifying as person crimes two prior Arkansas robbery convictions and one prior Arkansas burglary conviction.

Whether the district court properly classified Heard's prior convictions as person or nonperson crimes for criminal history purposes is a question of law subject to our unlimited review. *Dickey*, 301 Kan. 1018, Syl.¶ 5.

To classify an out-of-state conviction for criminal history purposes, Kansas courts follow two steps. First, we categorize the prior conviction as a misdemeanor or a felony by deferring to the convicting jurisdiction's classification of the crime. K.S.A. 2017 Supp. 21-6811(e). Then we determine whether the prior conviction is a person or nonperson offense. Only the second step is challenged here.

To determine whether the prior conviction is a person or nonperson offense, we look to the comparable offense in Kansas when the defendant committed the current crime of conviction. K.S.A. 2017 Supp. 21-6811(e)(3). The Kansas Supreme Court recently clarified that "[f]or an out-of-state conviction to be comparable to an offense in Kansas, the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime." *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984

3

(2018). If Kansas has no comparable crime, the out-of-state crime is classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3).

*Did the district court err in classifying Heard's prior Arkansas robbery conviction as a person crime?*

Heard contends that his prior Arkansas convictions for robbery are not comparable to a Kansas crime because Arkansas's robbery statute is broader than Kansas' robbery statute.

In 1992, Heard was convicted of two robberies under Ark. Code Ann. § 5-12-102(a) (1987), which stated: "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person."

The Kansas robbery statute on the date Heard committed his current crime of conviction defines robbery as "knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 2017 Supp. 21-5420(a).

Several elements of Arkansas' robbery statute are not identical to or narrower than the elements of Kansas' robbery statute. First, Kansas requires that an offender physically take property—Arkansas does not. In Kansas, "the test for determining whether a defendant has committed a theft or a robbery 'should be whether or not the taking of the property has been completed at the time the force or threat is used by the defendant.' *State v. Aldershof*, 220 Kan. 798, 803, 556 P.2d 371 (1976)." *State v. Plummer*, 295 Kan. 156, 166, 283 P.3d 202 (2012); see *State v. Leaks*, No. 115,647, 2017 WL 1535171, at *3 (Kan. App. 2017) (unpublished opinion). But in Arkansas, "robbery can be committed

4

without actually taking the property of another, since robbery is defined as employing or threatening to employ physical force upon another with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter." *Cartwright v. State*, 501 S.W.3d 849, 852 (Ark. 2016). Instead, the language in the Arkansas statute criminalizes employing or threatening to employ physical force with the purpose of committing theft.

Secondly, the Kansas robbery statute requires that property be taken from the person or presence of another. But the Arkansas robbery statute has no personal presence requirement, resting solely on an underlying theft. See *Thompson v. State*, 284 Ark. 403, 408, 682 S.W.2d 742 (1985) (explaining that "[t]heft is the wrongful appropriation of the victim's property").

Lastly, under the Arkansas statute, a person can be convicted of robbery based on using force to accomplish an escape. Not so in Kansas. This is because the Arkansas statute provides that a person may commit robbery by employing or threatening to immediately employ physical force upon another person with the purpose of resisting apprehension immediately *after committing a felony or misdemeanor theft*. But the Kansas robbery statute does not permit a conviction based on acts which occur after the taking of property. Instead, cases interpreting our robbery statute specifically prohibit finding a robbery when force is used only to accomplish an escape. It is well settled in Kansas that the violence must precede or be contemporaneous with the taking of the property:

> "[T]o constitute the crime of robbery . . . it is necessary that the violence to the owner must either precede or be contemporaneous with the taking of the property and robbery is not committed where the thief has gained peaceable possession of the property and uses no violence except to resist arrest or to effect his escape." *State v. Aldershof*, 220 Kan. 798, 803, 556 P.2d 371 (1976).

The Arkansas robbery statute is thus broader than the Kansas robbery statute in these three respects. Its elements are not identical to or narrower than its Kansas counterpart—robbery. It is thus possible that Heard committed robbery in Arkansas without committing that person crime in Kansas.

To this the State argues "to the extent that an offender intends, but fails, to take property, such an act would be comparable to an attempted robbery in Kansas, which is also a person offense." See K.S.A. 2017 Supp. 21-5301(a) (defining an attempt as any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime). But this approach does nothing to address the second and third ways noted above in which the Arkansas statute is broader than the Kansas statute.

To address those other discrepancies, the State urges us to follow the dissent in *State v. Briggs*, No. 116,420, 2018 WL 3995795, at *4-6 (Kan. App. 2018) (Malone, J. dissenting) (unpublished opinion). There, Judge Malone opined that more than one Kansas offense can be considered in determining whether an out-of-state conviction should be considered a person or nonperson crime. That dissent focuses on the plain language from the relevant statute: "The State of Kansas shall classify the crime as person or nonperson. In designating *a crime* as person or nonperson, *comparable offenses* under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to." (Emphasis added.) K.S.A. 2017 Supp. 21-6811(e)(3). See *Briggs*, 2018 WL 3995795, at *5. And the Kansas Supreme Court has placed great emphasis recently on the court's duty to give effect to the plain language of a statute. See, e.g., *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016) (explaining that absent an ambiguity, the plain meaning of the words chosen by the Legislature will control and courts will not add words to the law); *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 367, 361 P.3d 504 (2015) (finding "the court's duty to give effect to the plain language of an

6

unambiguous statute is not diluted just because that effect renders the statute unconstitutional").

*Wetrich* does not use the plural "offenses." Instead, it says that "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. In *Wetrich*, however, no party raised the issue whether multiple comparators could be used, so its use of the singular could be unintentional.

But the State does not attempt to apply this multiple comparator approach, as is necessary. Instead it argues only that if Heard used physical force his acts would constitute a battery in Kansas; and if Heard threatened to employ immediate physical force, his acts would constitute assault or criminal threat in Kansas, all of which are person crimes. That conclusory and undeveloped argument fails to show that the elements of the Arkansas robbery statute are, in fact, identical to or narrower than those of the suggested Kansas comparators. We decline to undertake that crucial task for the State. Instead, we note, as an example, that if Heard had committed robbery in Arkansas by making a threat with the purpose of committing a felony or misdemeanor theft so as to violate Ark. Code Ann. § 5-12-102, he would not necessarily have threatened to commit violence with intent to place another in fear, as is required for a conviction in Kansas of criminal threat, see K.S.A. 2017 Supp. 21-5415(a)(1). The purpose element required by the Arkansas robbery statute is different than "the intent to place another in fear" required by the Kansas criminal threat statute. So despite what may be the facial appeal of the multiple comparator approach, we find it unnecessary to decide this abandoned issue. See *State v. Anderson*, 291 Kan. 849, 858, 249 P.3d 425 (2011) ("An issue not briefed or raised incidentally but not argued is deemed abandoned.").

The Arkansas robbery statute does not meet the identical-or-narrower analysis and is therefore not comparable.

*Did the district court err in classifying Heard's Arkansas burglary conviction as a person crime?*

Next, Heard contends that his Arkansas burglary conviction from 1992 was incorrectly classified as a person felony. The State argues that we should not address the classification of this crime because the district court did not consider it when determining Heard's criminal history. But on appeal Heard has challenged his entire criminal history score, which includes all prior crimes in his presentence investigation report. We therefore address the classification of Heard's prior Arkansas burglary conviction.

K.S.A. 2017 Supp. 21-6811(d)(1) specifically addresses prior burglary convictions. The Kansas Supreme Court addressed this provision in *Dickey*, holding that to classify a prior burglary conviction as a person offense under K.S.A. 2014 Supp. 21-6811(d), "a sentencing court must find that the prior burglary involved a 'dwelling,' *i.e.*, 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' K.S.A. 2014 Supp. 21-5111(k)." 301 Kan. at 1021. Therefore, to score Heard's Arkansas burglary conviction as a person felony for Kansas criminal history purposes, we must find the Arkansas crime comparable to Kansas' burglary of a dwelling offense at the time the current crime of conviction was committed. See *Wetrich*, 307 Kan. at 557 (citing *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 [2015]).

The Arkansas burglary statute from Heard's prior conviction states that a person commits residential burglary in Arkansas "if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment." Ark. Code

8

Ann. § 5-39-201(a)(1) (1987). Arkansas authorizes imprisonment for misdemeanors. Ark. Code Ann. § 5-4-401(b) (1987).

The Kansas burglary statute from the year of his current crime of conviction provides:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
> (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or
> (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2017 Supp. 21-5807(a).

Arkansas' burglary statute has a broader intent requirement than Kansas' burglary statute. The specific intent required for the Arkansas burglary is that the purpose is to commit "any offense punishable by imprisonment." A conviction under Ark. Code Ann. § 5-39-201 (1987) does not require the offender to have the requisite intent required to be convicted of burglary in Kansas—the specific intent to commit a felony, theft, or sexual battery required by K.S.A. 2017 Supp. 21-5807(a).

The Kansas Supreme Court compared the Kansas burglary statute to Missouri's 1986 burglary statute in *Wetrich*. The court determined that the intent required to be convicted of burglary in Missouri was broader than the intent required in Kansas, rendering the two statutes incomparable:

> "The Kansas crime to which the Missouri conviction is being compared—burglary of a dwelling—requires that the entry into or remaining within be done with the specific intent to commit a felony, theft, or sexual battery therein. In contrast, the specific intent

9

required for the Missouri second-degree burglary is that the burglar's purpose is to commit any crime. Consequently, the mere existence of the Missouri conviction does not establish the mental state element of the Kansas reference offense because the Missouri mental state element is broader. The purpose for the unlawful entry in Missouri could have been to commit misdemeanor property damage which would not be a burglary in Kansas." *Wetrich*, 307 Kan. at 563.

The Arkansas burglary statute is broader than, and therefore not comparable to, the narrower Kansas burglary statute. Because the crimes are not comparable, we cannot consider the Arkansas burglary to be a person felony. See *Wetrich*, 307 Kan. at 563. Heard's sentence is illegal because it was based on an incorrect criminal history score.

*Do the 2017 amendments to K.S.A. 22-3504 prevent Heard's sentence from being illegal?*

The State claims that Heard's sentence is nonetheless legal based on a 2017 amendment to K.S.A. 22-3504. That amendment states: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504. The State argues that *Wetrich*'s holding requiring the identical-or-narrower rule was a change in the law after Heard was sentenced and thus cannot provide the basis for an illegal sentence.

Resolving this claim involves interpretation of a statute. Interpretation of a statute is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

In support of its argument that the *Wetrich* holding was a change in the law, the State claims that prior to *Wetrich*, Kansas applied a common-sense definition of "comparable" that did not require prior offenses to contain identical or narrower elements. Instead, the Kansas Supreme Court held that crimes do not need identical

10

elements to be comparable. *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003).

But panels of this court have determined that *Wetrich* merely clarified existing law, rather than changed it. See *State v. Smith*, 56 Kan. App. 2d 343, 352-54, No. 118,042, 2018 WL 4374273 (Kan. App. 2018); *State v. Jones*, No. 117,808, 2018 WL 4656409, at * 8-10 (Kan. App. 2018) (unpublished opinion).

> "Simply put: the [Kansas Sentencing Guidelines Act] KSGA and its reference to the term 'comparable offenses' has not changed . . . . The only thing that may have changed is our Supreme Court's interpretation of the KSGA. But a judicial construction of a statute is an authoritative statement of what the statute meant *before* as well as after the decision. See *Rivers*, 511 U.S. at 312-13. As previously stated, the *Wetrich* court found that the identical-or-narrower test was the intent of the Legislature when it passed the KSGA based on the legislative history of the Act and the purposes and objectives of the sentencing guidelines. 307 Kan. at 561-62." *Smith*, 56 Kan. App. 2d at 354.

Those panels based their determination that *Wetrich* interpreted existing law, rather than changed the law, on legislative history, the Kansas Supreme Court's language describing its holding, and its treatment of pre-*Wetrich* cases with inconsistent holdings. The *Smith* panel noted that the *Wetrich* court found that the identical-or-narrower test was the intent of the Legislature when it passed the KSGA based on the legislative history of the Act and the purposes and objectives of the sentencing guidelines. *Smith*, 56 Kan. App. 2d at 354. It also found that *Wetrich* applied the rule set out in *Dickey*, and out court has previously held that *Dickey* was not a change in the law but was an application of *Apprendi*. *Smith*, 56 Kan. App. 2d at 354. The *Jones* panel noted that the Kansas Supreme Court did not overrule its prior opinions, further indicating that it did not intend to make new law by issuing its opinion in *Wetrich*, and that in cases following *Wetrich*, the Kansas Supreme Court described the decision as "constru[ing] the meaning of

11

'comparable offense.'" *Jones*, 2018 WL 4656409, at \*10; see *State v. Moore*, 307 Kan. 599, 602, 412 P.3d 965 (2018); *State v. Buell*, 307 Kan. 604, 607, 412 P.3d 1004 (2018).

We agree. The identical-or-narrower rule described in *Wetrich* did not create new law but clarified existing statutory language. The 2017 amendment of K.S.A. 22-3504(3) does not limit Heard's ability to seek relief.

*Conclusion*

Heard's Arkansas robbery and burglary crimes must be classified as nonperson crimes. The district court is directed to resentence Heard after scoring his 1992 Arkansas robbery convictions and his Arkansas burglary conviction as nonperson felonies. The parties agree that Heard's second Arkansas burglary offense listed in his presentence investigation report should be changed to a theft. This leaves Heard with only one person felony—the one based on his three person misdemeanors that convert to a person felony. Heard should have a criminal history score of C.

Convictions affirmed, sentence vacated, and case remanded with directions.