NOT DESIGNATED FOR PUBLICATION

No. 115,270

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERIMIAH R. STEELE,
*Appellant.*

MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 9, 2016. Appeal from Jackson District Court; JANICE D. RUSSELL, judge. Opinion filed June 19, 2020. Appeal dismissed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

PER CURIAM: Jeremiah R. Steele seeks review of the Court of Appeals decision in *State v. Steele*, No. 115,270, 2016 WL 7178789 (Kan. App. 2016) (unpublished opinion), affirming the sentencing court's scoring of his Colorado third-degree assault convictions as person misdemeanors. While his appeal was pending, he served his entire sentence. We dismiss his appeal because the issues are moot.

1

Steele pled no contest to possession of methamphetamine for acts committed in September 2015. At sentencing, Steele's criminal history included two convictions for third-degree assault from Colorado that were classified as person misdemeanors. He agreed these classifications were correct at the time. He was assigned a criminal history score of H. The district court sentenced him to 13 months' imprisonment but granted probation for 18 months. Steele timely appealed his sentence.

On appeal, Steele challenged his sentence on the ground his criminal history score was incorrect and should have been lower. A Court of Appeals panel affirmed, holding the district court correctly sentenced him. In doing so, the panel relied on *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (crimes need not have identical elements to be comparable for making the person or nonperson designation). *Steele*, 2016 WL 7178789, at *3-4.

Steele timely petitioned for this court's review. He asked us to vacate his sentence and remand the case for resentencing. But after review was granted, the State notified the court that Steele was released from custody and postrelease supervision. Although our record is silent on how Steele's sentence might have escalated from probation to imprisonment, Steele's counsel acquiesced in this fact "based upon the length of . . . Steele's sentence." From this, we gather Steele is no longer serving any probation, imprisonment, or postrelease supervision term in this case.

The State moved to dismiss the appeal as moot. Steele now objects to dismissal, advancing four contentions relevant under the circumstances:  (1) resolution is necessary for him to challenge his trial counsel's performance as malpractice; (2) dismissal potentially subjects him to res judicata in a future sentencing proceeding if he is ever

2

convicted again; (3) his issues are capable of repetition in other cases that would evade review if not addressed now; and (4) dismissal would leave in place an incorrect Court of Appeals decision to be incorrectly cited in future cases. We reject each argument and dismiss the appeal as moot.

DISCUSSION

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012). But an appeal will not be dismissed as moot unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. 295 Kan. at 840-41; *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007).

*Steele's potential legal malpractice claim*

Steele claims if we do not complete the appeal and grant him relief he would be unable to seek "any potential recourse through a legal malpractice claim," citing *Garcia v. Ball*, 303 Kan. 560, 573, 363 P.3d 399 (2015) (criminal defendant required to obtain postsentencing relief from an unlawful sentence before legal malpractice claim accrued). But he provides no detail about what he might assert as the basis for this alleged malpractice. See *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015) (setting out elements of a legal malpractice claim).

Given the superficial explanation, we hold Steele fails to adequately support his claim to avoid dismissal based on mootness. *State v. Gonzalez*, 307 Kan. 575, 592, 412 P.3d 968 (2018); see also *State v. Tracy*, 311 Kan. __, __ P.3d __ (No. 113,763, this day decided), slip op. at 7.

3

*Speculated reliance by a future sentencing court on the panel's decision*

Steele claims if we do not correct the Court of Appeals decision, a future district court would feel obligated to follow the panel's ruling based on res judicata and again classify his Colorado convictions as person misdemeanors if he is ever convicted again for another crime. This assertion lacks merit. See *Tracy*, 311 Kan. at __, slip op. at 5.

As in *Tracy*, Steele fails to explain how a future sentencing court would have authority to ignore the statutory requirements for preparing and considering a presentence investigation in a manner that would deny him his legal right to challenge "any error in the proposed criminal history worksheet." K.S.A. 2019 Supp. 21-6814(c). Similarly, to accept his argument we would have to assume that a future sentencing court would ignore controlling caselaw. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas courts are "duty bound to follow Kansas Supreme Court precedent absent indication Supreme Court is departing from previous position"). Steele's speculative claim simply fails to demonstrate a way in which a judgment on this appeal would impact his rights as he asserts.

*Issue capable of repetition and concerns of public importance*

Steele argues we should resolve his sentencing challenge, even if it is moot, suggesting the panel's decision could have an impact on other defendants in other cases, i.e., the issue is capable of repetition and raises concerns of public importance. See *State v. Hilton*, 295 Kan. 845, 850, 286 P.3d 871 (2012) ("One commonly applied exception to the rule that appellate courts will not review moot issues is where the moot issue 'is capable of repetition and raises concerns of public importance.'"). But he again offers no detail as how this is possible given our current sentencing caselaw. See *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018); *State v. Moore*, 307 Kan. 599, 412 P.3d 965 (2018);

4

*State v. Buell*, 307 Kan. 604, 412 P.3d 1004 (2018). Indeed, Steele argues *Wetrich* controls the issues raised in his sentencing challenge.

*Dismissal will provide incorrect guidance*

Finally, Steele argues leaving the unpublished panel's decision in his case uncorrected could mislead courts attempting to resolve this issue in future cases. But this speculation is not a legitimate basis to avoid dismissal for mootness. See *Montgomery*, 295 Kan. at 841 (setting out exceptions to mootness doctrine). And it is difficult to understand how this hypothetical circumstance could arise given the obligation of all courts to follow the then-existing precedent.

We hold the issues raised before this court are moot.

Appeal dismissed.

JOHNSON, J., not participating.[1]

---

[1]**REPORTER'S NOTE:** Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 115,270. Justice Johnson retired effective September 6, 2019.[1]