NOT DESIGNATED FOR PUBLICATION

No. 114,748

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

TAMMY JUANITA SANDERS,
*Appellant.*


MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 2, 2016. Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed June 19, 2020. Appeal dismissed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Jodi Litfin*, assistant solicitor general, *Elizabeth A. Billinger*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

PER CURIAM:  Tammy Juanita Sanders seeks review of the Court of Appeals decision in *State v. Sanders*, No. 114,748, 2016 WL 4586166 (Kan. App. 2016) (unpublished opinion), affirming the district court's scoring of her three prior Oklahoma City municipal convictions for assault and battery as person misdemeanors. While review was pending, she served her entire sentence and is now released from custody. We dismiss her appeal because the issues are moot.

1

FACTUAL AND PROCEDURAL BACKGROUND

Sanders pled no contest to aggravated battery, a severity level 7 person felony, for acts committed in 2015. The sentencing court imposed a 29-month prison term after finding she had a criminal history score of B. In doing so, it classified three prior Oklahoma City municipal ordinance violations for assault and battery as person misdemeanors, which allowed them to be aggregated into a person felony. See K.S.A. 2015 Supp. 21-6811(a), (e)(3) (every three person misdemeanors rated as one person felony; out-of-state conviction designated as person or nonperson crime by "referr[ing] to" "comparable offenses under the Kansas criminal code"). Sanders' attorney informed the court he had received "documentation that established, to [his] satisfaction, that those misdemeanor convictions out of Oklahoma [could] be used" for scoring purposes. As a result, Sanders did not object to her criminal history score.

Sanders appealed, claiming the sentencing court violated her constitutional rights when classifying the three ordinance violations as person offenses for criminal history scoring purposes, citing *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). A Court of Appeals panel affirmed. *Sanders*, 2016 WL 4586166, at *6.

She sought this court's review of the panel's decision, claiming the panel improperly held the *Descamps* identical-or-narrower rule is limited to decisions under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2016), not a constitutional requirement, and therefore not required for the Kansas person-classification's comparability analysis. She asked us to vacate her sentence and remand the case for resentencing.

2

After this court granted her petition for review, the State filed a notice that Sanders had completed her entire sentence on March 16, 2017. The State argued this rendered Sanders' appeal moot. Sanders objected to the suggestion of mootness, arguing: (1) under *Garcia v. Ball*, 303 Kan. 560, 573, 363 P.3d 399 (2015), she could not pursue a "potential" legal malpractice claim against her original sentencing attorney for not challenging the classifications; (2) if this court does not correct and vacate the panel's decision, any future sentencing court might feel obligated to follow the panel's decision and again classify her three prior Oklahoma City municipal ordinance convictions as a person felony; and (3) the issue is capable of repetition and raises concerns of public importance.

As a practical matter, Sanders argues we should remand her case back to the district court for resentencing, even though she has served her entire sentence. We reject her arguments against mootness and dismiss this appeal.

## DISCUSSION

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012). But an appeal will not be dismissed as moot unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. 295 Kan. at 840-41; *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007).

3

*Sanders' "potential" legal malpractice contention*

Sanders argues she needs postsentencing relief for her allegedly unlawful sentence because she might pursue a "potential" legal malpractice claim against her original sentencing attorney for not objecting to that sentence. See *Garcia*, 303 Kan. at 573 (criminal defendant required to obtain postsentencing relief from an unlawful sentence before legal malpractice claim accrued). But she provides no detail about what she might assert as her basis for this alleged legal malpractice. See *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015) (setting out elements of a legal malpractice claim).

Given the superficial explanation, we hold Sanders fails to adequately support her claim to avoid dismissal based on mootness. *State v. Gonzalez*, 307 Kan. 575, 592, 412 P.3d 968 (2018); see also *State v. Tracy*, 311 Kan. __, __ P.3d __ (No. 113,763, this day decided), slip op. at 7.

*Speculated reliance by a future sentencing court on the panel's decision*

Sanders claims if we do not correct the Court of Appeals decision, a future district court would feel obligated to follow the panel's ruling and again classify her three Oklahoma City convictions as a person felony if she is ever convicted again for another crime. This assertion lacks merit. See *Tracy*, 311 Kan. at __, slip op. at 5.

As in *Tracy*, Sanders fails to explain how a future sentencing court would have authority to ignore the statutory requirements for preparing and considering a presentence investigation in a manner that would deny her the legal right to challenge "any error in the proposed criminal history worksheet." K.S.A. 2019 Supp. 21-6814(c). Similarly, to accept her argument we would have to assume that a future sentencing court would

4

ignore controlling caselaw. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas courts are "duty bound to follow Kansas Supreme Court precedent absent indication Supreme Court is departing from previous position"). Sanders' speculative claim simply fails to demonstrate a way in which a judgment on this appeal would impact her rights as she asserts.

*Issue capable of repetition and concerns of public importance*

Finally, Sanders argues we should resolve her sentencing challenge, even if it is moot, suggesting the panel's decision could have an impact on defendants in other cases, i.e., the issue is capable of repetition and raises concerns of public importance. See *State v. Hilton*, 295 Kan. 845, 850, 286 P.3d 871 (2012) ("One commonly applied exception to the rule that appellate courts will not review moot issues is where the moot issue 'is capable of repetition and raises concerns of public importance.'"). But she again offers no detail as how this is possible given our current sentencing caselaw. See *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018); *State v. Moore*, 307 Kan. 599, 412 P.3d 965 (2018); *State v. Buell*, 307 Kan. 604, 412 P.3d 1004 (2018). Indeed, Sanders argues *Wetrich* controls the issues raised in her sentencing challenge.

We hold the issues raised before this court are moot.

Appeal dismissed.

JOHNSON, J., not participating.[1]

---

[1]**REPORTER'S NOTE:** Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 114,748. Justice Johnson retired effective September 6, 2019.