NOT DESIGNATED FOR PUBLICATION

No. 116,749

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LANCE GLEN DAVIS,
*Appellant.*

MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 29, 2017. Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 19, 2020. Appeal dismissed.

*Kasper Schirer, Kimberly Streit Vogelsberg,* and *Clayton J. Perkins*, of Kansas Appellate Defender Office, were on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, *Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

PER CURIAM: Lance Glen Davis seeks review of the Court of Appeals decision in *State v. Davis*, No. 116,749, 2017 WL 6625550 (Kan. App. 2017) (unpublished opinion), affirming the sentencing court's scoring of his prior Oregon conviction as a person offense and the scoring of his two Kansas juvenile adjudications. While his appeal was pending, he served his entire sentence and is now released from custody. We dismiss his appeal because the issues are moot.

1

Davis pled guilty to burglary and misdemeanor theft. At sentencing, his criminal history included a prior Oregon conviction, scored as a person offense, and two Kansas juvenile adjudications. He agreed at the time that this was correct. He was assigned a criminal history score of A. The district court sentenced him to 30 months' imprisonment for his burglary conviction and a concurrent 12-month jail term for the misdemeanor theft. He timely appealed his sentence.

On appeal, Davis challenged the burglary sentence on the grounds his criminal history score was incorrect and should have been lower. He asserts his Oregon third-degree assault conviction should have been scored as a nonperson felony instead of a person felony, and that his Kansas juvenile adjudications for criminal discharge of a firearm at an occupied building and criminal threat should not have been counted in his criminal history.

A Court of Appeals panel affirmed, holding the district court correctly sentenced Davis. In doing so, the panel reasoned that under *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014), his Oregon crime need not have identical elements to a Kansas offense to be comparable for making the person or nonperson designation, and that under K.S.A. 2016 Supp. 21-6810(e), K.S.A. 2016 Supp. 21-6810(d)(4)(B) (in some circumstances juvenile adjudications no longer would be counted) was not applicable to Davis' case. *Davis*, 2017 WL 6625550, at *4-5.

Davis timely petitioned for this court's review, which was granted. But after we granted review, Davis was released from postrelease supervision and thereby completed his entire sentence. We ordered Davis to show cause why his appeal should not be dismissed as moot. In opposing dismissal, Davis argues: (1) the Court of Appeals

2

decision could be used against him at a future sentencing hearing; (2) dismissing this appeal would prevent him from pursuing a legal malpractice claim against his attorney; and (3) his case raises concerns of public importance.

We reject these contentions and dismiss the appeal as moot.

DISCUSSION

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). But an appeal will not be dismissed as moot, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. 295 Kan. at 840-41; *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007).

*Speculated reliance by a future sentencing court on the panel's decision*

Davis claims if we do not correct the Court of Appeals decision, a future district court would feel obligated to follow the panel's ruling on the Oregon conviction's classification based on res judicata if he is ever convicted again for another crime. This assertion lacks merit. See *State v. Tracy*, 311 Kan. __, __ P.3d __ (No. 113,763, this day decided), slip op. at 5.

As in *Tracy*, Davis fails to explain how a future sentencing court would have authority to ignore the statutory requirements for preparing and considering a presentence investigation in a manner that would deny him his legal right to challenge "any error in the proposed criminal history worksheet." K.S.A. 2019 Supp. 21-6814(c). Similarly, to accept his argument we would have to assume that a future sentencing court would ignore

3

controlling caselaw. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas courts are "duty bound to follow Kansas Supreme Court precedent absent indication Supreme Court is departing from previous position"). Davis' speculative claim simply fails to demonstrate a way in which a judgment on this appeal would impact his rights as he asserts.

*Davis' potential legal malpractice claim*

Davis claims if we do not complete the appeal and grant him relief, he would be precluded "from pursuing a legal malpractice claim against his attorney," citing *Garcia v. Ball*, 303 Kan. 560, 573, 363 P.3d 399 (2015) (criminal defendant required to obtain postsentencing relief from an unlawful sentence before legal malpractice claim accrued). But he provides no detail about what he might assert as the basis for this alleged malpractice. See *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015) (setting out elements of a legal malpractice claim).

Given the superficial explanation, we hold Davis fails to adequately support his claim to avoid dismissal based on mootness. *State v. Gonzalez*, 307 Kan. 575, 592, 412 P.3d 968 (2018); see also *Tracy*, 311 Kan. at __, slip op. at 7.

*Issue capable of repetition and concerns of public importance*

Finally, Davis argues we should resolve his sentencing challenge, even if it is moot, suggesting the panel's decision on the Oregon conviction could have an impact on other defendants in other cases, i.e., the result is capable of repetition and raises concerns of public importance. See *State v. Hilton*, 295 Kan. 845, 850, 286 P.3d 871 (2012) ("One commonly applied exception to the rule that appellate courts will not review moot issues is where the moot issue 'is capable of repetition and raises concerns of public importance.'"). But he again offers no detail as how this is possible given our current

4

sentencing caselaw. See *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018); *State v. Moore*, 307 Kan. 599, 412 P.3d 965 (2018); *State v. Buell*, 307 Kan. 604, 412 P.3d 1004 (2018). Indeed, Davis argues *Wetrich* controls the issues raised in his sentencing challenge.

We hold the issues raised before this court are moot.

Appeal dismissed.

JOHNSON, J., not participating.[1]

---

[1] **REPORTER'S NOTE:** Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 116,749. Justice Johnson retired effective September 6, 2019.